Entered: March 13th, 2020
Signed: March 13th, 2020

**SO ORDERED**



**MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KIMYA D. CRAWFORD, | ) | Case No. 19-24551-MMH |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| RENEE PETERSON, | ) | Case No. 19-24045-DER |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |

**ORDER DIRECTING PARTIES TO THE HEARING SET FOR MARCH 30, 2020 TO FILE A LINE ADDRESSING TIMING OF HEARING AND CAPABILITY FOR VIDEOCONFERENCING**

Pursuant to the Orders entered on January 17, 2020 the Court previously scheduled a hearing in these matters for March 30, 2020 at 10:00 a.m., and asked that Upsolve show cause, if any there be, why the Court should find that (i) the statements in the Declarations of Pro Se Assistance signed and filed by the above-captioned debtors are fully informed and appropriate under applicable law, and (ii) the assistance provided by Upsolve to debtors filing petitions in this district otherwise complies with applicable law, including applicable rules with respect to authorization to practice law in this district. On February 28, 2020, Upsolve filed Responses to

the Orders to Show Cause as well as three Affidavits by Victor S. Leung, Rohan Pavuluri, and Tina Tran, respectively.

Due to the current operational status of the United States Bankruptcy Court for the District of Maryland during the COVID-19 Pandemic declared by the World Health Organization, as well as the U.S. District Court Amended Standing Order 2020-03, and the necessity of the Court to increase social distancing, it is hereby requested that Upsolve and its counsel as well as any other parties planning to appear for the scheduled hearing (collectively, the "Parties") inform the Court by the filing of a Line **on or before Friday March 20, 2020** advising (i) the capability of the Parties to appear via videoconference for the currently scheduled hearing if the Court determines it is feasible and appropriate to hold it at the already scheduled time, (ii) whether the Parties would desire a continuance of the currently scheduled hearing, and (iii) any other information the Parties deem pertinent to the scheduling of the hearing.  The Court will take into consideration any information contained in a timely-filed Line, as well as any changes in Court protocols in response to the COVID-19 Pandemic, in finalizing the date, time, and nature of the hearing in these matters.

cc:    Kimya D. Crawford
       Morgan W. Fisher, Chapter 7 Trustee
       Renee Peterson
       Marc H. Baer, Chapter 7 Trustee
       Gerard R. Vetter, Assistant United States Trustee

       Upsolve
       c/o Tina Tran, Managing Attorney
       tina@upsolve.org

       Upsolve, Inc.
       c/o Rohan Pavuluri, Chief Executive Officer
       150 Court Street, Floor 2
       Brooklyn, New York 11201

       David Nigel Griffiths
       Victor S. Leung

Robert B. Niles-Weed
Theodore E. Tsekerides
Counsels for Upsolve, Inc.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Holly E. Loiseau, Counsel for Upsolve, Inc.
holly.loiseau@weil.com

U.S. Trustee

**~ End of Order ~**