IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re:<br>KIMYA D. CRAWFORD,<br>                Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-24551-MMH<br>(Chapter 7) |
| In re:<br>RENEE PETERSON,<br>                Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-24045-DER<br>(Chapter 7) |

**STATUS REPORT IN RESPONSE TO COURT'S MARCH 19, 2020 ORDER**

On January 17, 2020, this Court issued an *Order Directing Upsolve to Show Cause and Verify that the Assistance it Provides to Debtors in this District Complies with Applicable Law* and scheduled a Show Cause hearing for March 30, 2020, at 10:00 AM. On February 28, 2020, Upsolve filed a response and affidavits in connection with the Court's order. On March 13, 2020, this Court issued an Order Directing Parties to the Hearing Set for March 30, 2020 to File a Line Addressing Timing of Hearing and Capability For Videoconferencing, to which Upsolve responded on March 17, 2020. On March 19, 2020, the Court issued an Order Granting Motion to Continue and Directing Filing of a Status Report on or Before May 18, 2020.

In response to the Court's March 19 Order, Upsolve respectfully seeks a continuance of the Show Cause hearing for an additional 60 days, with Upsolve to provide an additional Status Report to the Court in advance of any rescheduled hearing date.

It is counsel's understanding that, pursuant to the U.S. District Court for the District of Maryland's Standing Order 2020-07 and this Court's April 27, 2020 Current Operational Status

of the United States Bankruptcy Court for the District of Maryland During the COVID-19 Pandemic, all bankruptcy hearings scheduled to occur in this District through June 5, 2020 have been continued.  Upsolve continues to believe that in-person presentation by counsel and in-person testimony by the affiants would best assist this Court in resolving any remaining questions about the assistance that Upsolve provides to debtors in this District.  Upsolve further believes that the in-person preparation of the affiants for testimony would best effectuate the clearest presentation of evidence to the Court.  In light of these considerations, and the non-emergency nature of this matter, a continuance of the hearing would best further the interests of justice.  If, however, the Court prefers a more expedited resolution of this matter, counsel and the affiants are now of sound health and are capable of participating in a hearing by videoconference.

Upsolve thus respectfully requests a further continuance of the Show Cause hearing.

May 18, 2020

/s/ Holly E. Loiseau
Holly E. Loiseau (12541)
Brian E. Ferguson (10326)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW #600
Washington, DC 20036
(2020682-7000
(212) 310-8007 (fax)
holly.loiseau@weil.com
brian.ferguson@weil.com

Theodore E. Tsekerides (Admitted *Pro Hac Vice*)
David N. Griffiths (Admitted *Pro Hac Vice*)
Robert Niles-Weed (Admitted *Pro Hac Vice*)
Victor S. Leung (Admitted *Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
(212) 310-8007 (fax)
theodore.tsekerides@weil.com
david.griffiths@weil.com
robert.niles-weed@weil.com
victor.leung@weil.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2020, a copy of the Status Report in Response to Court's March 19, 2020 Order was mailed via certified mail, postage prepaid to:

Kimya D. Crawford
21 Windy Meadow Court
Randallstown, MD 21133

Renee Peterson
2117 Firethorn Road
Middle River, MD 21220

/s/ Holly E. Loiseau
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW #600
Washington, DC 20036
(2020682-7000
(212) 310-8007 (fax)
holly.loiseau@weil.com