# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br>KIMYA D. CRAWFORD,<br>                   Debtor. | Case No. 19-24551-MMH<br>(Chapter 7) |
| In re:<br>RENEE PETERSON,<br>                   Debtor. | Case No. 19-24045-DER<br>(Chapter 7) |

## STATUS REPORT IN RESPONSE TO COURT'S AUGUST 12, 2020 ORDER

On January 17, 2020, this Court issued an Order Directing Upsolve to Show Cause and Verify that the Assistance it Provides to Debtors in this District Complies with Applicable Law and scheduled a Show Cause hearing for March 30, 2020, at 10:00 AM.  On February 28, 2020, Upsolve filed a response and affidavits in connection with the Court's order.  On March 13, 2020, this Court issued an Order Directing Parties to the Hearing Set for March 30, 2020 to File a Line Addressing Timing of Hearing and Capability For Videoconferencing, to which Upsolve responded on March 17, 2020.  On March 19, 2020, the Court issued an Order Granting Motion to Continue and Directing Filing of a Status Report on or Before May 18, 2020, to which Upsolve responded on May 18, 2020.  On June 10, 2020, the Court issued an Order Further Continuing Hearing, directing Upsolve to file a status report on or before Friday, August 7, 2020, to which Upsolve responded on August 7, 2020.  On August 12, 2020, the Court issued an Order Further Continuing Hearing, directing Upsolve to file a status report on or before October 30, 2020.  In response to the Court's August 12, 2020 Order, Upsolve hereby submits:

In light of the U.S. District Court for the District of Maryland's September 23, 2020 Order regarding COVID-19 Pandemic Procedures and this Court's October 1, 2020 Current Operational Status of the United States Bankruptcy Court for the District of Maryland During the COVID-19 Pandemic, the Court appears likely to rely on proceedings conducted virtually for the foreseeable future and it is unlikely that Upsolve will be able to safely and responsibly offer in-person presentation by counsel and in-person testimony by the affiants. In the interest of timely resolution of this matter, Upsolve and counsel are willing to proceed with the hearing virtually and to present the testimony of the affiants by videoconference. This is especially the case given the continued financial strain that the COVID-19 pandemic has placed on individuals and families who cannot afford lawyers and lack access to pro bono legal assistance, particularly in communities of color, demonstrating the need for services like Upsolve's, which has suspended use of its software product by self-represented debtors in Maryland pending resolution of this proceeding.

Accordingly, in response to the Court's August 12, 2020 Order, Upsolve respectfully requests that the Court schedule the Show Cause hearing during either the month of December 2020 or January 2021—preferably in the weeks beginning December 14, or January 11, 18, or 25—to proceed by videoconference. Upsolve intends to offer testimony of the two witnesses who submitted affidavits, along with legal argument, and anticipates that its presentation at the Show Cause hearing will take approximately one hour. Upsolve also respectfully requests that the Court excuse it from the requirement of attendance of a member of the Maryland Bar at the hearing.

As a final matter and out of an abundance of caution, if the Court does conclude that Upsolve's actions are in violation of applicable law, Upsolve hereby preserves the right to challenge the validity of such laws on constitutional grounds. Specifically, Upsolve hereby preserves the arguments that enforcing any such restrictions against Upsolve violates Upsolve's

associational rights under the First Amendment of the U.S. Constitution, *see In re Primus*, 436 U.S. 412 (1978); *NAACP v. Button*, 371 U.S. 415 (1963); that such restrictions unlawfully burden Upsolve's freedom of speech under the First Amendment of the U.S. Constitution and Article 40 of the Maryland Declaration of Rights, *see Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018); *Reed v. Town of Gilbert*, 576 U.S. 155 (2015); and that such restrictions lack a rational basis and are impermissibly vague, violating Upsolve's due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution, *see United States v. Williams*, 553 U.S. 285 (2008); *N. Dakota State Bd. of Pharmacy v. Snyder's Drug Stores, Inc.*, 414 U.S. 156, 166 (1973).

October 29, 2020

/s/ Holly E. Loiseau
Holly E. Loiseau (12541)
Brian E. Ferguson (10326)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW #600
Washington, DC 20036
(2020682-7000
(212) 310-8007 (fax)
holly.loiseau@weil.com
brian.ferguson@weil.com

Theodore E. Tsekerides (Admitted *Pro Hac Vice*)
David N. Griffiths (Admitted *Pro Hac Vice*)
Robert Niles-Weed (Admitted *Pro Hac Vice*)
Victor S. Leung (Admitted *Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
(212) 310-8007 (fax)
theordore.tsekerides@weil.com
david.griffiths@weil.com
robert.niles-weed@weil.com
victor.leung@weil.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of October, 2020, a copy of the Status Report in Response to Court's August 12, 2020 Order was mailed via certified mail, postage prepaid to:

Kimya D. Crawford
21 Windy Meadow Court
Randallstown, MD 21133

Renee Peterson
2117 Firethorn Road
Middle River, MD 21220

/s/ Holly E. Loiseau
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW #600
Washington, DC 20036
(2020682-7000
(212) 310-8007 (fax)
holly.loiseau@weil.com